UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY L. CAVALLERO,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>                    Defendant. | Case No. 1:20-cv-00116-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Anthony L. Cavallero was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be required to amend his Complaint.

REVIEW OF COMPLAINT

1. Factual Allegations

Plaintiff alleges that, on or about July 30, 2007, the Bonner County Sheriff's Department arrested him for "God knows what." Dkt. 3, p. 2. When he asked arresting officers to specify the reason for the arrest, they said, "You don't need to know." *Id*. He alleges that he was sent to prison for crimes he did not commit. He seeks compensatory damages in the amount of $10 million.

## 2. Standard of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556.

Federal Rule of Civil Procedure 8 applies to all pleadings filed in the federal court. In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

### 3. Discussion

#### A. *Claims against State of Idaho*

The Eleventh Amendment prohibits a federal court from entertaining a civil rights suit brought by a citizen against a state, unless that state waives its sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff cannot sue the state in this federal action. Instead, Plaintiff can sue those prison officials responsible for the alleged civil rights violations.

#### B. *Statute of Limitations Bar*

A threshold procedural issue arises with Plaintiff's allegations that, on July 30, 2007, he was arrested and later imprisoned for a crime he did not commit. The Idaho Department of Correction website shows that, in 2007, Plaintiff was convicted of aggravated assault in Bonner County Case No. CR07-4908, and Plaintiff completed that sentence on April 1, 2017. He is currently incarcerated on unrelated charges of assault and battery on certain personnel in Ada County Case No. CR13-16900, with a sentence satisfaction date of September 30, 2021.

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. §

1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for personal injury and false imprisonment. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Federal law determines when a cause of action accrues and when the statute of limitations begins to run for a § 1983 claim. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The United States Court of Appeals for the Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986).

Whether tolling is available is governed by state law, unless application of state tolling principles would undermine important federal policy. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 65 (1975). The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230. The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

If claims are untimely filed in federal court, they are by definition frivolous. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (a case filed outside the statute of limitations period is legally frivolous); *Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995) (same); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (same); *cf. Belanus v. Clark*, 796 F.3d 1021, 1029-30 (9th Cir. 2015) (affirming a "strike" under 28 U.S.C. § 1915(g) for filing an untimely complaint for failure to state a cause of action). However, a complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Under federal law, the statute of limitations on a claim of false imprisonment accrues "when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. at 389. For plaintiff's purposes, "a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id*. Plaintiff was convicted of the charges of which he complains, and, therefore, his statute of limitations for the unlawful arrest and false imprisonment would have ended upon his arraignment. His lawsuit should have been filed within two years of arraignment.

Plaintiff will be required to file an amended complaint or a notice of voluntary dismissal. If he has facts showing that his claim accrued in about 2018, rather than 2007, he may present those facts to the Court in his amended complaint. Or, if he has facts showing that he should be entitled to equitable tolling or equitable estoppel, he should

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

present those to the Court in his amended complaint. Plaintiff also must provide the approximate date of his arraignment on the 2007 charges. If Plaintiff has no facts showing that his claim accrued in in 2018, rather than 2007, and no facts showing his untimely filed should be excused, he should file a notice of voluntary dismissal.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **60 days** after entry of this Order.

2. Plaintiff's request for appointment of counsel (contained in the Complaint) will be DENIED without prejudice, but will be reconsidered by the Court if he states an actionable claim in the amended complaint and if he meets the standards for appointment of counsel.

3. Plaintiff is warned that, if he does not file an amended complaint within the time frame specified above, his entire case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff may, in the alternative, file a notice of voluntary dismissal.

DATED: May 1, 2020

David C. Nye
Chief U.S. District Court Judge