UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANTHONY L. CAVALLERO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00116-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

In the Initial Review Order, the Court ordered Plaintiff Anthony L. Cavallero to amend his Complaint to show that his cause of action was not filed beyond the statute of limitations expiration date. Dkt. 7. The Court now reviews Plaintiff's Amended Complaint. Dkt. 10-1.

Plaintiff alleges that, on or about July 30, 2007, the Bonner County Sheriff's Department arrested him for a crime he did not commit, and that he was not arraigned within 72 hours, but instead was arraigned on September 17, 2007. Dkt. 10. Plaintiff served his prison sentence on this conviction in Bonner County Case No. CR07-4908, which ended on April 1, 2017.

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho

Code § 5-219 provides for a two-year statute of limitations for personal injury and false imprisonment. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Federal law determines when a cause of action accrues and when the statute of limitations begins to run for a § 1983 claim. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The United States Court of Appeals for the Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986).

Whether tolling is available is governed by state law, unless application of state tolling principles would undermine important federal policy. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 65 (1975). The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007). Idaho statutorily tolls the limitations period for a person's minority status or insanity. I.C. § 5-230. The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1041 (Idaho 1994).

If claims are untimely filed in federal court, they are by definition frivolous. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (a case filed outside the statute of limitations period is legally frivolous); *Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995) (same); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (same); *cf. Belanus v. Clark*, 796 F.3d 1021, 1029-30 (9th Cir. 2015) (affirming a "strike" under 28 U.S.C. § 1915(g) for filing an untimely complaint for failure to state a cause of action). However, a complaint should not be dismissed without leave to amend unless it is clear that the complaint's deficiencies cannot be cured. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Under federal law, the statute of limitations on a claim of false imprisonment accrues "when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. at 389. For plaintiff's purposes, "a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id*. Plaintiff was convicted of the charges of which he complains, and, therefore, his statute of limitations for the unlawful arrest and false imprisonment would have ended upon his arraignment, on September 17, 2007. His lawsuit should have been filed within two years of arraignment, which would have been September 17, 2009.

Even if Plaintiff's statute of limitations began upon his completion of his sentence on April 17, 2017, he should have filed his lawsuit no later than April 17, 2019. Plaintiff's original Complaint, filed on March 8, 2020, was too late.

Plaintiff has filed a Motion to Waive Statute of Limitations and Appoint an Attorney. Dkt. 9. In his motion, he asserts that he has a mental disability and just recently found out he "could sue in the honorable courts from inside prison as a prisoner." Dkt. 9,

p. 1. He has provided no supporting documentation to show that he is mentally disabled such that he could not have filed a lawsuit by 2009 or 2019. In fact, his excuse shows that the cause of his failure to file his complaint in time was his lack of diligence in trying to determine whether he could file a lawsuit for his "wrongful conviction."

Petitioner has not shown that equitable tolling applies. Idaho statutory tolling provisions permit tolling for a person's minority or insanity. While Petitioner asserts that he is mentally disabled, he has not provided any facts showing that he was insane between 2007 and 2019.

The Court concludes that Plaintiff's Complaint is untimely. He has not provided adequate grounds to show that the untimeliness should be excused under Idaho law. Petitioner has provided insufficient evidence to show that he has a "mental disability" that prevented him from filing his complaint in a timely manner. Plaintiff did not exercise diligence in determining whether he could file a lawsuit while imprisoned. Every Idaho prison has a "legal resource center" for prisoners to use and a set of forms with civil rights complaints and instructions provided to the prisons by the federal court pro se program. Accordingly, this entire action will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Waive the Statute of Limitations and to Appoint Attorney (Dkt. 9) is DENIED.

2. Plaintiff's Motion to Review Amended Complaint (Dkt. 10) is DENIED.

3. This entire case is DISMISSED with prejudice.

4. Plaintiff is issued a strike under 28 U.S.C. § 1915(g) for fail to state a claim upon which relief can be granted. *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015).

DATED: October 7, 2020

_____
David C. Nye
Chief U.S. District Court Judge

SUCCESSIVE REVIEW ORDER - 5